UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:16-CV-250-RLJ-CCS |
| v. | ) |
| | ) |
| SHAWN PHILLIPS, DERRICK | ) |
| SCHOFIELD, and DOUGLAS STEPHENS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and an application to proceed *in forma pauperis* [Doc. 2]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, for the reasons set forth below and pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Also for the reasons set forth below, however, this action will proceed only as to Plaintiff's claim that Defendant Shawn Phillips has violated his due process rights with regard to continuing to house Plaintiff in administrative segregation despite a panel recommendation that Plaintiff be released to general population. All other claims will be dismissed.

### I. Section 1915(g)

Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim. *See Cole v. Corr. Corp. of Am.*, No. 1:10-cv-1303 (W.D. Tenn. Sept. 1, 2011) (order dismissing case as frivolous or for failure to state a claim and noting that the dismissal was a first strike under §1915(g));[1] *Settle v. Tenn. Dept. of Corr.*, No. 3:11-cv-567 (E.D. Tenn. Apr. 18, 2012) (order dismissing case as frivolous and for failure to state a claim); *Settle v. U.S. Post Office*, No. 2:14-cv-2559 (W.D. Tenn. Sept. 11, 2015) (order dismissing case for failure to state a claim); and *Settle v. Obama*, No. 3:15-cv-365 (E.D. Tenn. Nov. 17, 2015) (order dismissing case for failure to state a claim and noting that the dismissal counts as a strike under §1915(g)).

Further, in a habeas corpus case filed in the Middle District, the dismissal order stated:

> The Court is aware that Mr. Settle has filed approximately 40 actions in federal district courts in Tennessee and the Sixth Circuit-all unsuccessful to date-and has avoided significant filing fees and the 3–strikes provision of the PLRA, 28 U.S.C. § 1915(g), by characterizing the majority of his actions as petitions for the writ of habeas corpus. However, he has had at least two actions brought under 42 U.S.C. § 1983 dismissed for failure to state a claim.

*Settle v. U.S. Atty. Gen.*, No. 3:15-CV-00715, 2015 WL 4068278, at *1 n.2 (M.D. Tenn. July 2, 2015). Since July 2, 2015, the date of the dismissal of that habeas corpus petition, Plaintiff has accumulated more strikes.

## II. Imminent Danger Analysis

Plaintiff's complaint alleges that he is in imminent danger of serious physical injury, however, and the Court must therefore determine whether the imminent danger exception to § 1915(g) applies. The Sixth Circuit has held that, to warrant application of the imminent danger

---

[1] Mike Settle is also known as Michael Cole. *See Settle v. U.S. Atty. Gen.*, No. 3:15-cv-00715, 2015 WL 4068278, at *1 n.1 (M.D. Tenn. July 2, 2015).

2

exception to § 1915(g), the plaintiff must allege facts "from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that plaintiff was under an existing threat at the time of filing the lawsuit. *Taylor v. First Med. Mgmt.*, 58 F. App'x 488, 492 (6th Cir. 2012) (internal quotation marks omitted). The alleged danger facing plaintiff has to be "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). Allegations that are conclusory, ridiculous, or clearly baseless are insufficient. *Taylor*, 58 F. App'x at 492.

Plaintiff's allegations of imminent danger arise out of his assertion that he has suffered severe psychological damages from seventeen years of indefinite confinement in administrative segregation, making him "violently insane, commit suicide [sic], and not generally reformed from inadequate health treatment in isolation conditions of confinement" [Doc. 1 p. 4]. Plaintiff also states that he is experiencing "acute or serious depression, suicidal thoughts, and paranoi[d] behavior" due to his seventeen years of segregation [*Id.* at 10]. Plaintiff further asserts that his mind deterioration from his confinement in segregation and the lack of treatment for mental illness has caused him to be in "imminent danger of serious physical injury to himself" [*Id.* at 15]. Plaintiff specifically alleges that his reflection in the mirror is talking to him and creating an imminent danger of physical injury and that a reduction in dosage of a psychiatric medicine has created an imminent danger of physical injury [*Id.* at 16].

The allegations of Plaintiff's complaint, liberally construed in favor of Plaintiff, allow the Court to reasonably infer that Plaintiff was in imminent danger of physical harm at the time he filed his complaint. While Plaintiff does not provide substantial details about thoughts of suicide and/or self-harm, he does set forth facts from which the Court can infer that his image in the

3

mirror is speaking to him in a manner that encourages him to self-harm and that a recent change in dosage of a medication has increased his urge to self-harm.[2] When these allegations are read in context of the allegations that Plaintiff has had long-term, ongoing, and significant mental health problems and has been housed in isolated confinement for approximately seventeen (17) years, the Court, informed by its judicial experience, reasonably infers that, under these circumstances, Plaintiff has sufficiently alleged that he was in imminent danger of serious physical injury at the time he filed the complaint.

### III.    Screening Standard

Accordingly, the Court must now screen Plaintiff's complaint. Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[2] The Court recognizes that at least one district court has held that allegations of self-harm cannot support application of the imminent danger exception to § 1915(g), based on the reasoning that allowing such allegations to do so would eviscerate the three strikes rule by allowing prisoners to avoid the consequences of § 1915(g) by threatening suicide. *See*, *e.g.*, *Wallace v. Cockrell*, No. 3:02-CV-1807 (N.D. Texas March 10, 2003). As the Sixth Circuit has not recognized such a rule, however, the Court declines to follow this reasoning.

4

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

IV.    **Legal Analysis**

    1.    **Due Process Claim Against Defendant Phillips**

As set forth above, Plaintiff alleges that he has been confined in segregation for seventeen years, resulting in psychological damage and thoughts of suicide/self-harm [Doc. 1 p. 4].[3] It is apparent from the documents filed with the complaint Plaintiff was initially placed in

---

[3] Plaintiff's complaint is twenty-three pages long and includes a number of redundant statements and general claims that are not directed at any named Defendant. In this order, the Court addresses all allegations specifically directed at any named Defendant. The Court does not specifically address the remaining general statements that are not directed at any named Defendant, however, as such claims fail to state a claim upon which relief may be granted under § 1983. *Twombly*, 550 U.S. at 555, 570. Further, to the extent Plaintiff attempts to hold Defendants liable under a theory of *respondeat superior* for these general claims based on their

5

administrative segregation due to him escaping from an outside hospital while he was incarcerated by overpowering and assaulting an officer and then taking a hostage at gunpoint, taking a vehicle, and engaging in a high speed chase [Doc. 1-2 p. 2–3]. The documents filed with the complaint further demonstrate, however, that Plaintiff has not been subjected to disciplinary action since November 3, 2010, and that two jail panels have therefore recommended that Plaintiff be released from segregation [Doc. 1-2 p. 2 and 7]. Both of these recommendations have been disapproved by the wardens who appear to have the final say in the matter, however [Doc. 1 at 4–5; Doc. 1-2 p. 2 and 7]. The disapproval which is relevant to this action occurred on March 3, 2016, when Defendant Phillips disapproved a panel's recommendation that Plaintiff be released from administrative segregation due to his belief that Plaintiff poses a security risk in general population because of Plaintiff's attempt to escape (and the violent acts that occurred therewith) in 1999 [Doc. 1 at 4–5; Doc. 1-2 p. 2].[4]

The Court finds that Plaintiff's allegation that Defendant Phillips violated his due process rights by disapproving the panel's recommendation that he be released from segregation states a plausible claim for violation of Plaintiff's due process rights, as Plaintiff's assertions regarding his confinement in segregation for an indefinite period (which has already lasted approximately

---

supervisory positions, these claims do not allege "active constitutional behavior" on the part of the Defendants and therefore fail to state a claim upon which relief may be granted under § 1983. *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, all allegations in the complaint that are not directly addressed in this order are **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

[4] Plaintiff also claims that Defendants Phillips and Schofield are liable for his seventeen year confinement in segregation and that these Defendants held him in segregation without the approval of the warden by policy, which establishes the torts of intentional infliction of emotional distress and negligence [*Id.* at 16–17]. As Defendant Phillips was the warden who disapproved a panel's recommendation that Plaintiff should be released from segregated confinement, however, these allegations are confusing, baseless, and unsupported by specific facts. As such, they fail to state a claim upon which relief may be granted.

6

seventeen years) and the effects thereof, accepted as true, may exceed Plaintiff's sentence in an unexpected manner such that it imposes an atypical and significant hardship on Plaintiff. Accordingly, this claim will proceed.

### 2. Interstate Corrections Compact Claim

As to Defendant Stephens, Plaintiff states that on July 8, 2015, he sent Plaintiff a letter stating that "TOMIS shows you have been classified as maximum security since August 1999" and that, in light of this classification, the Tennessee Department of Correction ("TDOC") was not authorized to consider Plaintiff for parole [*Id.*; Doc. 1-2 p. 9]. Plaintiff also states that on July 29, 2015, Defendant Stephens sent Plaintiff a letter stating that the Office of the General Counsel to TDOC could only consider transferring a prisoner to federal custody "where [the] inmate is a security issue and the Department's chain of command has not informed this office that [Plaintiff is] a security issue" [[Doc. 1 p. 9; Doc. 1-2 p. 10]. Plaintiff, however, asserts that the Interstate Corrections Compact ("ICC") states that transfer "shall" occur where an inmate consents, however, and that Defendants Stephens' and Schofield's failure to transfer Plaintiff to federal custody under the ICC was therefore deliberate indifference and negligence that violated his constitutional rights [Doc. 1 p. 9 and 17].

Plaintiff previously filed a substantively identical § 1983 claim in this district that was denied on the merits. *See Settle v. Obama*, Civil Case No. 3:15-CV-365, 2015 WL 7283105, at *4 and *6 (E.D. Tenn. Nov. 17, 2015). Accordingly, this claim is redundant and frivolous and it is **DISMISSED**.

### 3. Mental Health Care Claims

Plaintiff next asserts that Defendants know and tolerate the fact that mental health staff spend only minutes every three months at his cell door and that this is inadequate care for mental

7

health [*Id.* at 11]. Plaintiff also alleges that Defendants Phillips and Schofield failed to provide him therapy and/or transfer to a hospital for his mental illness and that this constitutes deliberate indifference and violated the Eighth and Fourteenth Amendments [*Id.* at 19].

The named Defendants are the Warden of MCCX (Phillips), the Commissioner of TDOC (Schofield), and the TDOC Detainer Administrator (Stephens). It is therefore clear from the complaint and the accompanying documents that Defendants are not mental healthcare providers and Plaintiff provides no facts from which the Court can plausibly infer that these Defendants are responsible for decisions regarding Plaintiff's mental health treatment at the jail. As such, is apparent that these allegations attempt to hold Defendants liable for the actions of others, rather than for the Defendants' own "active constitutional behavior," and therefore assert claims for *respondeat* superior which fail to state a claim upon which relief may be granted under § 1983. *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). As such, they are **DISMISSED**.

### 4. Housing Claims

Plaintiff also asserts that Defendants Phillips and Schofield housed him with non-mentally ill inmates and that this violates his due process right to separate housing of inmates with mental illness, violates the First, Eighth, and Fourteenth Amendments, and demonstrates deliberate indifference and negligence [*Id*. at 11–12, 18]. Plaintiff additionally claims that an unspecified Defendant's failure to move him to another cell every thirty days violates due process of a commissioner policy [*Id.* at 13–14].[5]

Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013).

---

[5] On the other hand, Plaintiff also states that moving him to another cell every thirty days is an atypical and significant hardship [Doc. 1 p. 13–14]. As this claim is not directed at any Defendant, however, the Court assumes that Plaintiff intended to state that a failure to comply with policy requiring cell moves every thirty days was a violation of his rights.

8

Plaintiff has not set forth any facts to support a plausible inference that these decisions regarding Plaintiff's housing and cell movements (or lack thereof) violated Plaintiff's constitutional rights. These allegations therefore fail to state a claim upon which relief may be granted under § 1983 and they are **DISMISSED**.

V. **Conclusion**

For the reasons set forth above, this action will proceed only as to Plaintiff's claim that Defendant Shawn Phillips has violated his due process rights with regard to continuing to house Plaintiff in administrative segregation despite a panel recommendation that Plaintiff be released to general population. All other claims have been dismissed.

The Clerk is hereby **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for Defendant Phillips. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this Memorandum and Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Phillips shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Phillips fails to timely respond to the complaint, that failure may result in entry of judgment by default against Defendant Phillips.

Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

Because Plaintiff is an inmate in the Morgan County Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and

9

(B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**IT IS SO ORDERED.**

**E N T E R:**

                                                                            s/ Leon Jordan
                                                 United States District Judge