UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MIKE SETTLE, TDOC #207584 ) | |
| ) | Case No.: 3:16-CV-250-RLJ-CCS |
| Plaintiff ) | Judge R. Leon Jordan |
| v. ) | Magistrate Judge C. Clifford Shirley, Jr. |
| ) | Jury Trial Demanded |
| SHAWN PHILLIPS, ) | |
| ) | |
| Defendant ) | |

**RESPONSE OF THE PLAINTIFF MIKE SETTLE TO**

**THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

This is a State prisoner's civil action under 42 USC § 1983. The Plaintiff Mike Settle (or the "Prisoner") commenced the action by filing his *pro se* complaint with exhibits [RE 1, Page ID ##1-85] on May 5, 2016. In his complaint, Mr. Settle alleges excessive confinement in segregation and denial of mental health care in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution, and negligent conduct consisting of a policy or custom.

Mr. Settle sued three defendants, Shawn Phillips, Derrick Schofield, and Douglas Stephens, each in his individual and official capacities, and alleged that all three acted under color of State law at all relevant times. These named defendants are identified in the Order filed May 16, 2016 [RE 5, Page ID ##94-95] as, respectively, the warden of the Morgan County Correctional Complex ("MCCX"), the commissioner of the Tennessee Department of Corrections ("TDOC"), and the detainer administrator of the TDOC's Office of General Counsel.

The Prisoner having commenced this action in the Western District of Tennessee, a district judge in that judicial district transferred the action to the District Court for the Eastern

District of Tennessee, in which MCCX, in which the Prisoner is in custody, is located. Soon after transfer, the District Court for the Eastern District of Tennessee ruled [Memorandum and Order filed May 31, 2016, RE 7, Page ID ##100-109], after screening Mr. Settle's complaint under the Prison Litigation Reform Act of 1996 (the PLRA), that only the Prisoner's claim against the defendant warden arising out of Mr. Settle's confinement in segregation for 17 years survives review.

The district court summarized its ruling by writing, "[T]his action will proceed only as to Plaintiff's claim that Defendant Shawn Phillips has violated his due process rights with regard to continuing to house Plaintiff in administrative segregation despite a panel recommendation that Plaintiff be released to general population." [*Id.*, Page ID #100.] The district court noted [*Id.*, Page ID #105] that two jail panel recommendations of release into the general population have been "disapproved by the wardens who appear to have the final say in the matter."

After this ruling, the Plaintiff Mr. Settle continued to file motions. The district court filed its Scheduling Order [RE 28, Page ID ##262-266] on November 28, 2016, setting this action for trial on January 30, 2018.

In the Memorandum and Order filed March 29, 2017 [RE 35, Page ID ##293-302], the district court allowed amendment of the complaint to add an Eighth Amendment claim, to add allegations in support of the due process claim, and to add retaliation and intentional infliction of emotional distress claims. The district court also ruled on pending discovery motions. In the Order filed May 16, 2017 [RE 40, Page ID ##325-326], the court appointed undersigned counsel to represent Mr. Settle in this action.

2

Now pending is the defendant warden's Motion for Summary Judgment filed May 18, 2017 [RE 41, Page ID #327-328; supporting memorandum, RE 42 Page ID ##329-333; supporting affidavit, RE 43, Page ID ##334-387; and Statement of Undisputed Material Facts, RE 44, Page ID ##388-390]. The defendant warden seeks dismissal of this action for failure to exhaust administrative remedies. Because of the many *pre se* filings in the case, and because of the complexity of the claims for relief and their underlying theories, undersigned counsel has felt compelled to apply for indulgence from the district court on multiple occasions to prepare this response on behalf of the Prisoner to the defendant warden's motion for summary judgment.

The defendant warden moves for a summary judgment of dismissal of Mr. Settle's civil action on the basis of Mr. Settle's asserted failure to exhaust his administrative remedies, as is required by a portion of the PLRA, codified at 42 USC § 1997(a). The cited subsection provides that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

With respect to the factual basis for the defendant warden's FRCP 56 motion, the defendant warden presents evidence through the affidavit testimony of Benjamin Bean, a TDOC Correctional Program Manager I. Mr. Bean states in his affidavit (with exhibited copies of TDOC documents) [RE 43, Page ID ##334-387] that with respect to Mr. Settle's four grievances filed from April 2013 through May 18, 2017 which he pursued to the final level of appeal, one concerned alleged violation of First Amendment and Due Process rights through denying to Mr. Settle an opportunity to work, in retaliation for having sued the Defendant Warden. A second such grievance concerned Mr. Settle's trust account; a third concerned another inmate spilling

3

Case 3:16-cv-00250-RLJ-DCP   Document 60   Filed 11/29/17   Page 3 of 7   PageID #: 440

hot milk on Mr. Settle. The fourth such grievance concerned property of Mr. Settle, including Reebok shoes.

Documentary evidence submitted with this affidavit states the policies and procedures concerning TDOC's inmate grievance procedures. The policies and procedures include provisions concerning appeals of decisions on grievances, and concerning the time limits applicable to such appeals.

The following excerpt from the defendant warden's memorandum in support of the pending motion for summary judgment provides a précise of the warden's legal argument:

> The plaintiff filed the instant lawsuit on May 5, 2016. Therefore, in order to satisfy the grievance exhaustion requirement set forth in the [Prison Litigation Reform Act (PLRA)], the plaintiff would have had to completely exhaust the grievance process *prior* to May 5, 2016. However, in the three years prior to May 5, 2016, the plaintiff exhausted only four grievances to the final level of appeal. The four grievances were filed on July 29, 2015 (number 00292430), October 6, 2015 (number 00294799), June 23, 2016 (number 00303397), and August 26, 2016 (number 0305780). The grievances filed on July 29, 2015, October 6, 2015, and June 23, 2016, are not related to the issues raised in the instant lawsuit and therefore, do not satisfy the exhaustion requirement. The most recent grievance, (number 00305780 filed on August 26, 2016), could possibly be construed as relating to the issues raised in this complaint, however, it was filed several months *after* this lawsuit was filed and does not satisfy the requirement that grievances be exhausted prior to filing suit. It is well-established that a prisoner may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson,* 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished).

Memorandum in Support of Defendant's Motion for Summary Judgment [RE 42, Page ID ##331], (italics in original) (record references deleted).

Both the plain language of the PLRA and the authorities on which the defendant warden relies support the defendant's argument in his motion. For example, the court of appeals cited *Larkins v. Wilkinson*, 1998 WL 898870 (6th Cir. Dec. 17, 1998), cited in the excerpt immediately

4

above from the defendant warden's supporting memorandum of law, in *Freeman v. Francis*, 196 F.3d 641, (6th Cir. 1999). In *Freeman*, the § 1983 action arose out of an alleged assault (excessive force) by a corrections officer on the complaining prisoner. The court of appeals upheld the trial court's dismissal of the action for failure to exhaust administrative remedies, holding that exhaustion was required even thought the prisoner was seeking money damages when the grievance procedure provided no authority for an administrative award of such damages. The court of appeals held further that an excessive force claim is subject to the PLRA's exhaustion requirement, and that a separate investigation by the Ohio State Highway Patrol of the alleged assault by the corrections officer did not excuse the duty to exhaust the administrative procedure for consideration of a grievance. The court of appeals in *Freeman* cited *Larkins* for the rule that because the PLRA's plain language makes exhaustion a "precondition" to filing an action under federal law, "[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Freeman*, 196 F.3d at 645.

*Freeman* and *Larkins* notwithstanding, there exist some specific facts which must be considered by this court in the context of the defendant warden's motion seeking dismissal for failure to exhaust the administrative procedure. For one, the TDOC's own inmate grievance procedures contemplate allowing a § 1983 action to remain pending while exhaustion is pursued. *See* RE 43, Page ID #387:

WAIVER OF LEVEL I FILING TIME LIMIT

> In instances in which the grievant has had a 1983 court action continued by a Federal District Court in order to exhaust administrative remedies, the seven day time guideline for filing a grievance shall be waived. The grievant must provide documentation to invoke this provision.

5

A stay of proceedings in this § 1983 action would enable the Prisoner Mr. Settle, with the assistance of counsel, to refine his claims and theories while engaging in the administrative process. The quoted language in the TDOC inmate grievance procedures document shows that such a stay would not prejudice the defendant warden.

Second, even if the court decides that application of the PLRA's exhaustion requirement in this case requires dismissal, the familiar FRCP § 56(a) standard, "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," does not require dismissal with prejudice of this § 1983 action. In *Freeman*, *supra,* the court of appeals remanded the case to the district court with the direction that it be dismissed without prejudice. 196 F.3d at 645.

The PLRA's exhaustion requirement, or "precondition," should not be allowed to obscure the allegation in this case that Mr. Settle, to his perhaps lasting detriment, has experienced administrative segregation, combined with only cursory mental health evaluation and care, for 17 years. Modern understanding of the crushing effects of solitary confinement renders the word "torture" not an exaggerated summary of how such treatment might violate multiple federal constitutional rights. While the PLRA requires Mr. Settle to exhaust the administrative remedies available to him, it should not bar Mr. Settle from ever litigating his claims. A stay of proceedings or dismissal without prejudice should be allowed, to preserve this Prisoner's litigation rights.

Respectfully submitted,

/s/ Francis L. Lloyd, Jr.
Francis L. Lloyd, Jr., TN BPR #009808
LAW OFFICE OF FRANCIS L. LLOYD, JR

6

9111 Cross Park Drive
Suite D-200
Knoxville, TN 37923
tel: (865) 470-4077
fax: (865) 978-6504
E-mail: FLLloydJr@gmail.com
*Counsel for the Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all the parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Francis L. Lloyd, Jr.
Francis L. Lloyd, Jr.