UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-250-RLJ-CCS |
| | ) |
| SHAWN PHILLIPS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Proceeding pro se, Plaintiff Mike Settle, a prisoner in the Morgan County Correctional Complex, filed this civil rights action under 42 U.S.C. § 1983 in the Western District of Tennessee [Doc. 1]. The case was transferred to this Court based on venue considerations [Doc. 5] and, thereafter, Plaintiff was appointed counsel pursuant to his own motion [Doc. 40]. The federal claims in this lawsuit that remain for resolution are whether Plaintiff's continued confinement in administrative segregation violates due process and the Eighth Amendment; whether he was denied medical care in violation of the Eighth Amendment; and whether he was retaliated against for filing this case [Docs. 7 at 9 and 35 at 9]. The appended state law claim for the intentional infliction of emotional distress likewise remains for disposition [Doc. 35 at 9].

Defendant Shawn Phillips has submitted a motion for summary judgment; a memorandum of law; the affidavit of Benjamin Bean, a Correctional Program Manager 1 with the Tennessee Department of Correction ("TDOC"); and a statement of material facts [Docs. 41-44]. In his motion, Defendant argues that Plaintiff has failed to exhaust his administrative remedies through the prison grievance process prior to filing this lawsuit [Doc. 41]. Plaintiff, through counsel, has responded to the motion, essentially acknowledging that the law supports Defendant's argument—an argument that Plaintiff recognizes has been bolstered by evidence supplied in Mr. Bean's

affidavit and the attachments thereto [Doc. 60]. However, Plaintiff suggests that this case be stayed, rather than dismissed, while he pursues administrative remedies or, alternatively, that the Court dismiss the case without prejudice, if it concludes that Defendant is entitled to summary judgment and a dismissal of the case [*Id.*]. Defendant replied to Plaintiff's response, maintaining that the TDOC policy cited by Plaintiff as supporting a stay of this case pending exhaustion of a grievance is inapplicable because the grievance in question was filed after Plaintiff filed the instant lawsuit on May 5, 2016 [Doc. 63].

After reviewing the motion, the response, the reply and the record in this case, the Court finds, for the reasons that follow, that the record as it presently stands is insufficient to decide Defendant's motion. Therefore, in order to resolve the motion, the Court will require Defendant to supplement his summary judgment motion to show that, prior to the filing of this lawsuit, Plaintiff had an "available" administrative remedy in which to present his claim involving excessive confinement in administrative segregation.

**I.      SUMMARY JUDGMENT STANDARD**

Summary judgment will be granted with respect to Defendant's motion, as long as what is before the Court by way of pleadings, declarations, cited materials, records, and other pertinent documents demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

2

The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id*. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000).

The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 323.

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party affirmatively must present competent evidence sufficient to establish the existence of a genuine issue of material fact that requires a trial to resolve. *Id*.

It is appropriate to grant summary judgment based on an alleged failure to exhaust administrative remedies "only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Risher v. Lapin*, 639 F.3d 236, 240 (6th Cir. 2011)). Moreover, a defendant's "initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id*. at 455–56 (citation and internal quotation marks omitted).

3

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

As noted, Defendant argues in his motion that Plaintiff failed to exhaust his administrative remedies before filing his civil rights complaint, even though exhaustion of administrative remedies is a pre-filing requirement, as set forth in the Prison Litigation Reform Act of 1995 ("PLRA").

### A.     Applicable Law

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an administrative process that will review a prisoner's complaint, a plaintiff must exhaust the process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). If exhaustion is incomplete when an inmate files suit, dismissal is mandatory and is not amenable to judicial discretion. *Ross v. Blake*, 136 S. Ct. 1850, 1857–58, 195 L. Ed. 2d 117 (2016).

This holds true of all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), including those seeking money damages even if money damages are not available through the administrative process. *Booth*, 532 U.S. at 740-41. To be "available," an administrative remedy must be "capable of use for the accomplishment of a purpose." *Id.* at 738 (citing Webster's Third New Int'l Dictionary 150 (1993)). However, administrative remedies must be "available" because "[a] prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 136 S. Ct. at 1854-55.

Although exhaustion of administrative remedies is mandatory, a prisoner need not plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, a failure to exhaust is "an affirmative defense under the PLRA," with the burden of proof falling on

4

a defendant. *Surles*, 678 F.3d at 455 (quoting *Bock*, 549 U.S at 216); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) ("Because the defendants moved for summary judgment on this defense, it was their burden to show that there was an absence of evidence to support the nonmoving party's case.") (citing *Celotex Corp.*, 477 U.S. at 325).

According to the Supreme Court, "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' - rules that are defined not by the PLRA, but by the prison grievance process itself." *Bock,* 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The Supreme Court has emphasized that "[c]ompliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust;" and that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

**B.     Analysis**

As noted, Defendant has submitted the affidavit of Mr. Bean who, in his role as a Correctional Program Manager 1, serves as the authorized custodian of Plaintiff's grievance records [Doc. 43, Bean Aff. at ¶1]. Mr. Bean testifies that he has reviewed the log of grievances that Plaintiff properly has filed since he came into TDOC's custody and has found four grievances from April of 2013 to the present that were exhausted through the highest level of appeal, to wit, to the TDOC Deputy Commissioner of Operations, as provided for in TDOC Policy No. 50101(VI)(C)(3) [Bean Aff. at ¶¶ 1-4, 7].

Mr. Bean has attached copies of those grievances, a blank inmate grievance form, and TDOC's inmate grievance policy [Bean Aff. at pp. 4-54]. In three of those grievances, Plaintiff complained about spilt milk (No. 0303397, filed June 23, 2016), trust fund issues (No. 00294799, filed October 6, 2015), and Reebok tennis shoes (No. 00292430, filed July 29 2015). None of

5

those issues have been advanced as claims in this lawsuit. In the fourth grievance (No. 00305780, filed August 26, 2016), Plaintiff complained that he was being denied a job to retaliate against him for filing a lawsuit. That claim is one of the claims raised in Plaintiff's amended complaint. However, as Defendant points out, the grievance alleging a retaliatory job-denial was filed on August 26, 2016, whereas Plaintiff filed this instant case on May 5, 2016, more than three months earlier.

Additionally, the grievance system procedures provide that an inmate, who seeks to express a complaint and have it resolved, must file a grievance within seven days of the event prompting the grievance [Bean Aff. at 30]. If the inmate is dissatisfied with the response to the grievance, he may pursue a two-step review of that response [*Id.* at 31]. The inmate may appeal the response first to the grievance committee and the Warden [*Id.*]. If unhappy with the result of the appeal, the inmate may appeal that result further to the Deputy Commissioner of Operations [*Id.*]. Each step is governed by set time limits [*Id.* at 30-31]. Certain types of matters are not appropriate for resolution through the grievance procedure, including "classification matters such as institutional placement and custody level, which may be appealed through other avenues outlined in the #400 policy series" [*Id.* at 32].

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (all internal quotation marks and citations omitted). It is unclear to the Court, given the exclusion of matters related to institutional placement and custody level, whether TDOC's grievance system

provided a vehicle for Plaintiff's complaint about his extended period in administrative segregation.

At this point in time, the Court cannot say that Defendant has carried his burden of establishing that Plaintiff had available to him a grievance system which would consider his complaint about his extensive confinement in administrative segregation and that Plaintiff failed to exhaust his administrative remedies against Defendant as required by § 1997e(a).

### III. CONCLUSION

Because Defendant has not yet shown that "that there is no genuine dispute as to any material fact" concerning whether Plaintiff properly exhausted his administrative remedies, Defendant is **ORDERED** to supplement his motion for summary judgment to clarify whether Plaintiff had or lacked an available administrative remedy with respect to his administrative segregation claim. Defendant shall have twenty (20) days from the date of this Order to file the supplement.

Finally, Plaintiff has filed a motion seeking to have appointed counsel withdraw from representing him in this matter and asking the Court to permit him to file a pro se response to the summary judgment motion [Doc. 64]. The Court would find it helpful to have counsel respond to Plaintiff's motion, if counsel so wishes; therefore, the Court will delay acting on this pro se motion for twenty (20) days from the date of this Order to allow counsel to file any desired response.

The trial date remains set for Monday, January 30, 2018, [Doc. 28], and will not be continued or rescheduled at this point in these proceedings.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge